UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    *v.*<br><br>MATTHEW DRAGONE | Criminal No. 3:16cr30 (JBA)<br><br>February 1, 2021 |

**ORDER GRANTING COMPASSIONATE RELEASE**

Defendant Matthew Dragone's motion [Doc. # 100], pursuant to § 603 of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018), seeks release from custody for "extraordinary and compelling reasons" resulting from the stroke of his stepfather and the significant financial hardships that the family has experienced as a result of the stepfather's declining health.[1] (Def.'s Mem. in Supp. of Compassionate Release [Doc. # 101] at 1.) Because his stepfather is no longer able to run his painting business due to his health concerns, the family has not been able to make their mortgage payments and the bank will imminently foreclose on the house. (*Id.* at 3.) Mr. Dragone's mother writes that they have secured alternative housing but needs the Court to release Mr. Dragone so that he may help restart the painting business and pay rent for their new home, as well as ease the burden of caretaking by doing the regular tasks like grocery shopping that are significantly more difficult and dangerous for individuals with health concerns during the pandemic. (Ex. 6 to Def.'s Mot. [Doc. # 101-1] at 19-20.) Mr. Dragone is set to be released to a halfway house on April 1, however, the assigned facility has closed, and the BOP has not yet identified an

---

[1] Defendant initially requested release from the Warden of FCI Berlin, where he is currently held, on November 18, 2020. (Ex. 7 to Def.'s Mot. [Doc. # 101-1] at 23.) His request was denied, and he now properly brings this motion before the Court after satisfying the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A). (Def.'s Mem. at 13.)

1

alternative option for him. (Ex. 1 to Def.'s Mot. [Doc. #101-1] at 2.) The Government does not oppose Defendant's request for release. (Def.'s Mem. at 1.)

The Second Circuit recently affirmed the discretion of the district courts to consider a multitude of factors when analyzing a motion for compassionate release, including a defendant's family situation and the impact of COVID-19 on the prison system. *United States v. Brooker*, 976 F.3d 228, 235 (2d Cir. 2020). District courts have held that the illness of a close family member, particularly when compounded by the impact of the pandemic on the prison system, constitutes extraordinary and compelling circumstances warranting release. *See United States v. Riley*, 2020 U.S. Dist. LEXIS 82909, at *7, *10 (D. Vt. May 12, 2020) (holding that the ailing health of defendant's father, particularly in light of defendant's own medical concerns about COVID-19, constituted grounds for release); *United States v. Rodriguez*, No. 00 CR. 761-2 (JSR), 2020 WL 5810161 (S.D.N.Y. Sept. 30, 2020) (holding that the impact of the pandemic, while alone insufficient to warrant release, may contribute to defendant's extraordinary reasons for release); *United States v. Bucci,* 409 F. Supp. 3d 1, 2 (D. Mass. 2019) (granting compassionate release for an inmate who is the only available caregiver for his ailing mother); *United States v. Walker*, No. 1:11 CR 270, 2019 WL 5268752, at *3 (N.D. Ohio Oct. 17, 2019) (the failing health of defendant's mother and his ability to provide for her financially constitute "extraordinary and compelling reasons" warranting compassionate release). Considering the poor health of Mr. Dragone's stepfather and urgent financial needs of his family, as well as the harsh circumstances of inmates incarcerated during COVID-19, the Court finds that Mr. Dragone's circumstances are both extraordinary and compelling.

The Court now examines the relevant § 3553(a) sentencing factors, including Defendant's length of incarceration and rehabilitation. Defendant has served 50 months of his 72-month sentence and is due to be released to a halfway house in two months' time. While incarcerated, he has remained sober and recently completed all twelve steps of the

Narcotics Anonymous program with the help of his sponsor, who writes in support of his release. (Ex. 2 to Def.'s Mot. [Doc. # 101-1] at 4.) Defendant completed the USP Canaan Challenge Program in March 2019, a 500-hour residential, modified therapeutic program that helps individuals explore the behaviors which led to their substance abuse and criminal behavior. (Ex. 4 to Def.'s Mot. [Doc. # 101-1] at 10.) In his thoughtful letter to the Court, Defendant describes what appears to be substantial, and sustainable, progress towards his goal of living a sober, prosocial life, detailing the assistance he would provide to his family if released. (Ex. 5 to Def.'s Mot. [Doc. # 101-1] at 12-17.) His hope to join Support Court upon release in order to help maintain his four years of sobriety and continue to engage with prosocial activities further indicates his understanding of his own needs on release. (*Id.* at 16.) Considering that Mr. Dragone will be released to a halfway house in a few short months, the Court concludes that the sentencing factors weigh in favor of his immediate release.

## I.     Conclusion

For the foregoing reasons, Defendant's Motion for Compassionate Release [Doc. # 100] is GRANTED absent objection, and Defendant's sentence is hereby reduced to time served. He shall be released to the home of his parents and will serve the first three months of supervised release on home confinement. He must comply with the standard and mandatory conditions of supervised release set at sentencing and shall maintain total quarantine for the first fourteen days following his release.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 1st day of February 2021.